**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 20, 2017[*]
Decided November 22, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-3329

| | |
|---|---|
| TERRANCE D. GODFREY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:16-cv-00496 |
| | |
| BRYAN EASTON, et al., | Staci M. Yandle, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Terrance Godfrey, a prisoner incarcerated within the Illinois Department of Corrections, sued various officials at Menard Correctional Center under 42 U.S.C. § 1983 alleging that guards at the prison beat him in violation of his civil rights. Attached to Godfrey's form complaint were nearly 200 pages of handwritten documents, exhibits, and affidavits. Several weeks later, on June 14, 2016, the district

---

[*] The appellees were not served with process in the district court and have not participated in this appeal. We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

court dismissed his complaint without prejudice under Federal Rule of Civil Procedure 8(a)(3) because it included "no request for relief." Under that rule, a pleading that states a claim for relief must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a)(3). The court instructed Godfrey to amend his complaint by July 15, 2016.

A week later, the court granted Godfrey's request for copies because he had moved from Pontiac Correctional Center to Stateville Correctional Center around the time of the court's June order and may not have received copies of the order. The clerk of court sent copies on June 22, 2016.

On July 14, Godfrey moved for an extension of time, explaining that he had been transferred to Stateville but only on June 30 had received copies of the court's dismissal order and instructions to amend. He added that his access to the prison law library at the new correctional facility was extremely limited (in an affidavit attached to the motion, he also stated that he was not receiving any mail the court had sent him).

On August 16, 2016, the court dismissed his case with prejudice for failing to comply with its June 14 order. The court noted that none of Godfrey's requests addressed the "underlying deficiency in his Complaint — the lack of a request for relief." The court acknowledged that Godfrey's concerns regarding access to the law library "may be genuine" but had "little to no bearing on his ability to make a basic statement of relief he requests." Further, Godfrey was an "experienced *pro se* litigant" — having filed previous cases in federal court—and his "track record suggests that he is familiar enough with legal proceedings to make a demand for relief without needing extensive access to the legal library."

On appeal Godfrey generally challenges the dismissal of his complaint. He reiterates that his pro se status limited what he could communicate to the court, and he maintains that he was unaware that he needed to make some "basic statement" about "the amount or form of relief available." He says that he "didn't know or didn't understand" why the court wanted him to revise the sum of relief he requested from "$15 million or $10 million in compensatory damages."

Handwritten documents that are submerged among hundreds of other pages of exhibits undoubtedly tax the patience of busy district judges. Godfrey did the judge no favors by leaving blank that section of his form complaint labeled "REQUEST FOR RELIEF." But buried at the end of his lengthy submission—some 160 pages after the

form complaint—Godfrey did attach a handwritten page bearing the label "VI. Prayer for Relief." On that page he asserts that he is entitled to "compensatory damages in the amount of $15 million dollars against each defendant, jointly and severally," and that he seeks "damages in the amount of $10 million against each defendant." That the district judge did not notice the request may be understandable, given the state of Godfrey's submission. But the request—coupled with the allegations elsewhere in the complaint—satisfies Rule 8(a) because it provides the defendants with the requisite notice of the basis of Godfrey's claim. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513–14 (2002).

Moreover, even if Godfrey had not included this "Prayer for Relief," his failure to specify the relief to which he was entitled would not warrant dismissal. *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). "Any doubt on this score is dispelled by Rule 54(c), which provides that a prevailing party may obtain any relief to which he's entitled even if he 'has not demanded such relief in [his] pleadings.'" *Id.* (citations omitted). Rule 8 contemplates as much: "Rule 8(e)(1) states that no technical forms of pleading or motions are required, and Rule 8(f) provides that [a]ll pleadings shall be so construed as to do substantial justice." *Swierkiewicz,* 534 U.S. at 513–14 (internal quotations omitted). Indeed, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* at 514.

We therefore VACATE the district court's judgment and REMAND for further proceedings.